UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTY C. STACY,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 15-cv-01393-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Marty Stacy's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion survives this threshold review and the Court orders the government to file its response.

On June 25, 2013, Marty C. Stacy was found guilty by a jury of four counts of possession of pseudoephedrine knowing it would be used to manufacture methamphetamine and one count of conspiracy to manufacture methamphetamine. He was sentence on November 1, 2013, to a term of 336 months on the conspiracy charge and 240 months on each of the possession charges – all counts to run concurrent with each other.

Petitioner appealed his conviction and sentence which were affirmed by the United States Court of Appeals for the Seventh Circuit on October 20, 2014. He then filed a petition for *en banc* rehearing which denied on December 24, 2014.

Stacy now brings this 28 U.S.C. § 2255 Petition alleging the following issues:

1. Ineffective assistance of appellate counsel, for not raising unjust sentence in that the original indictment gave a time frame of 8-14-2010 to 5-30-2012 and the superseding indictment had four specific dates. As he was found guilty of the charges in the superseding indictment, the amount of pseudoephedrine should have been limited to those specific four days.

2. Ineffective assistance of appellate counsel, prosecutorial misconduct, in that his counsel did not strike juror Gordon even though the Judge acknowledged and notified the parties that he knew juror Gordon and appellate counsel refused to raise issue on appeal.

3. Prosecutorial misconduct, plain error, in that the Prosecutor's closing arguments included instructions as to reasonable doubt.

4. Denial of due process, in that opening and closing arguments were not included in the transcripts for the record of appeal.

5. Ineffective assistance of counsel against Burton H. Shostak for failing to pursue a speedy trial resulting in the government filing a superseding indictment.

6. Ineffective assistance of counsel against Ronald E. Jenkins for actions pretrial and at trial.

7. Ineffective assistance of counsel against Peter Henderson, appellate counsel, for failing to raise the issues Petitioner requested be raised on appeal and proceeding with an appeal without a complete transcript.

8. Ineffective assistance of counsel against Ronald E. Jenkins for failing to raise a chain of custody issue in the Motion to Suppress Evidence.

9. Ineffective assistance of counsel against Ronald E. Jenkins for failing to withdraw as counsel after Petitioner requested him to withdraw.

The Parties are **DIRECTED** to refer to the issues as numbered above.  The Court notes that a defendant cannot raise in a § 2255 motion constitutional issues that he could have, but did not, raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

Many of the above claims should have been addressed on direct appeal, but Petitioner is claiming ineffective assistance of counsel on these issues.  Therefore, the Court **ORDERS** the Government to file a response to Marty C. Stacy's petition (Doc. 1) by **February 22nd, 2016.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **March 14th, 2016.**    If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**   1/19/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**